UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KING DAVID MOVING & STORAGE, INC, an Illinois corporation,<br><br> Plaintiff,<br><br>v.<br><br>KING DAVID MOVING AND STORAGE,<br><br> Defendants. | Case No.<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

King David Moving and Storage Inc., an Illinois Corporation ("Plaintiff") brings this action against King David Moving of Houston, Texas, ("Defendant"), alleging trademark infringement, trademark dilution, and false advertising. Defendant's use of Plaintiff's trademarked name and logo while providing analogous services infringes on Plaintiff's intellectual property rights. Plaintiff seeks injunctive relief and any monetary damages suffered including, but not limited to: damage to goodwill; disgorging of profits realized through use of marks; and attorneys' fees. Plaintiff made Defendant aware of the infringing nature of the item in question, but Defendant nevertheless chose to continue to use the infringing item.

### THE PARTIES

1. Plaintiff King David Moving and Storage, Inc. is an Illinois corporation, with its principal place of business at 5704 Reba St., Morton Grove, IL 60053.

2. Upon information and belief, Defendant, King David Movers, is a business that, on its website, lists Houston, San Francisco, St Louis, Chicago, Seattle, Portland, Los Angeles, and Denver as cities in which it does business, with its principal place of business located at 16225 Park Ten Place, Houston, TX 77084.

**JURISDICTION AND VENUE**

3. This Court has subject-matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338, because it alleges violations under the Lanham Act, 15 U.S.C. § 1051 *et seq.*

4. This Court has personal jurisdiction over Defendant because it regularly transacts business in the State of Illinois, targets advertising to the State of Illinois and prospective consumers here, and generates substantial revenue from consumers in the State of Illinois to whom Defendant markets its services via its website.

5. The Court also enjoys personal jurisdiction over Defendant because this dispute arises out of Defendant's intentionally tortious conduct — namely, willfully and deliberately infringing Plaintiff's intellectual property after receiving notice of such infringement — such that Defendant has specifically targeted and injured Plaintiff, who resides in this judicial district.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district and have harmed Plaintiff's intellectual property located in this judicial district; venue is also proper under 28 U.S.C. § 1398 because such claims shall be brought only in a judicial district in which any of the parties bringing the action resides or has a its principal office.

**FACTUAL ALLEGATIONS**

**A.     Building a Brand: Chicago's Moving Company**

7.     Plaintiff, King David Moving and Storage, Inc. is a Better Business Bureau accredited moving company in Chicago, IL that provides residential and commercial moving services to the local community.

8.     Plaintiff's services include, but are not limited to: antique & fine art moving services; piano moving; special moving services for students; local Chicago moves; residential moving and commercial moving; emergency moving; and advanced commercial moving services for offices, businesses, institutions, galleries, and museums.

9.     Plaintiff's business was incorporated in 2002.

10.    Plaintiff began using the name "King David Moving and Storage" in 2002.

11.    Both the name "King David Moving and Storage" and related logos have been in continuous use since 2002.

12.    Plaintiff owns the exclusive common law trademark rights to the "King David Moving and Storage" name and all marks associate therewith.

13.    Plaintiff has never licensed, franchised, or granted another entity permission to use "King David Moving and Storage" or any associated marks in commerce.

14.    Plaintiff invests significant time, energy, and resources in crafting and building its brand, and in providing a high level of service to its customers; an integral part of these efforts includes the developing of goodwill with costumers.

15. Plaintiff is an A+ Better Business Bureau accredited business that has garnered substantial goodwill and consistently high reviews from costumers over the past fourteen (14) years.

**B.      Defendant and Their Infringing Actions**

16. Defendant, King David Movers is a Texas-based company that lists long distance moving as its specialty, but also provides storage, packing, and local moving services.

17. Upon information and belief, Defendant changed its name in December of 2014 from All Service Movers and Storage to King David Moving and Storage.

18. Defendant's website lists Houston, San Francisco, St. Louis, Chicago, Seattle, Portland, Los Angeles, and Denver as primary places of business.

19. Defendant is not operating a corporation in good standing with the Texas Secretary of State.

20. Defendant is not operating a business that is accredited with the Better Business Bureau.

21. It recently came to Plaintiff's attention that Defendant was operating business using the same name and substantially similar logo.




**Plaintiff's Logo**                                   **Defendant's Logo**

22. Plaintiff became aware that Defendant was using its name and substantially similar logo due to the following reasons which include, but are not limited to:

4

      i. A large number of negative reviews on Plaintiff's Facebook page relating to Defendant;

      ii. A large number of negative reviews on Yelp from customers of Defendant;

      iii. A large number of negative reviews on Plaintiff's Google Plus page relating to Defendant;

      iv. Negative Reviews with the Better Business Bureau;

      v. Negative reviews on other rating websites from Defendant's customers;

      vi. Telephone calls from very angry customers of Defendant relating to multiple and severe issues with the services provided by Defendant, including, but not limited to failure to deliver furniture and other items and significant damage to furniture.

23. Plaintiff advised the numerous angry and frustrated customers of Defendant that it was not Defendant; nonetheless, many customers refused to believe them (even after they were provided information concerning licensing numbers) and, therefore, said customers refused to move their complaints to Defendant's review pages.

24. Plaintiff brought the issue to the Defendant's attention via written correspondence, but received no response from Defendant.

25. In addition to exploiting the trademark, Defendant caused and continues to cause Plaintiff significant brand harm through numerous bad reviews on Facebook, Yelp, Google Plus, the Better Business Bureau and other similar websites that allow for consumer feedback.

26. Plaintiff's business reputation has been significantly harmed due Defendant's actions.

27. Plaintiff has lost a significant amount business due to Defendant's actions.

28. Defendant's actions, and their refusal to cease their infringing conduct, have forced Plaintiff to pursue this action to protect its intellectual property rights.

5

## COUNT I

## TRADEMARK INFRINGEMENT

29. Plaintiff realleges and incorporates by reference all of the allegations set forth above.

30. Plaintiff began using "King David Moving and Storage" and related marks in 2002.

31. Defendant began conducting business as "King David Moving and Storage" in 2012.

32. Plaintiff has priority to the intellectual property rights, because it is the more senior user compared to Defendant.

33. Plaintiff has the exclusive right to use all trademarks and service marks associated with King David Moving and Storage.

34. Defendant was not authorized to use Plaintiff's trademarks in connection with its services.

35. Defendant's used Plaintiff's intellectual property in a manner that caused significant confusion and deception about the source of the services.

36. Defendant has copied trademarks without the consent or authority of Plaintiff, thereby directly infringing Plaintiff's exclusive common law trademark rights.

37. The foregoing acts of Defendant constitutes infringement of Plaintiff's exclusive common law trademark rights.

38. Defendant's actions are intentional, willful, wanton, and performed in disregard of Plaintiff's rights.

39. Plaintiff is entitled to injunctive relief. Plaintiff has no adequate remedy at law for Defendant's wrongful conduct because, among other things: (a) Plaintiff's trademarks are unique and valuable property which have no readily determinable market value; (b) Defendant's continued infringement — despite Plaintiff's repeated demands to cease same — harms Plaintiff; and (c) Defendant's wrongful conduct and the resulting damage to Plaintiff is continuing.

40. Plaintiff has been and will continue to be damaged, and Defendant has been unjustly enriched, by Defendant's unlawful infringement of Plaintiff's trademark in an amount to be proven at trial.

41. Plaintiff is entitled to a preliminary and permanent injunctions from Defendant's use of the King David name and domain. *See Thompson v. Spring-Green Lawn care Co.* 126 Ill.App. 3d. 99, 105 (Ill. App. 1st Dist. 1984).

42. Plaintiff is also entitled to the disgorgement of any profits Defendant has realized through its use of its marks. *See International Kennel Club of Chicago, Inc. v. Mighty Star, Inc.* 846 F.2d 1079, 1084-95 (7th Cir. 1988).

43. Plaintiff is also entitled to recover actual monetary damages, including damage to Plaintiff's goodwill in the market. *See Mishewaka Mf.g Co. v. Kresge Co.*, 316 U.S. 203, 205-07 (1942); Restatement (Third) of Unfair Competition §36(C)(2009).

44. Plaintiff is also entitled to recover its attorneys' fees and costs of suit.

**WHEREFORE**, Plaintiff respectfully requests judgment be entered in its favor and against Defendant, as follows:

**A.** A permanent injunction enjoining and restraining Defendant, and all persons or entities acting in concert with it, during the pendency of this action and thereafter perpetually from infringing activity including the operating under the name "King David Moving and

Storage," unauthorized use of King David Moving and Storage marks, and ceasing the use of the http://www.kingmoversusa.com website;

      **B.**    An award of damages, including, but not limited to, compensatory, statutory, and punitive damages, as permitted by law;

      **C.**    An award to Plaintiff of its costs of suit, including, but not limited to, reasonable attorneys' fees, as permitted by law; and

      **D.**    Such other relief as this Court deems just and proper.

## COUNT II

## TRADEMARK DILUTION

45.    Plaintiff realleges and incorporates by reference all of the allegations set forth in the above paragraphs.

46.    Plaintiff's name and related marks are recognized throughout the Chicagoland area as a reputable moving service specializing in local moves.

47.    Plaintiff's business is dependent on sites such as Yelp, Google, and Facebook, and those sites play a major role in the retention of customers and procurement of new customers.

48.    Defendant's actions have and continue to cause commercial blurring, by which the connection in consumers' minds between Plaintiff's mark and Plaintiff's goods and services is weakened.

49.    Defendant's actions have and continue to tarnish Plaintiff's trademarks by weakening the mark through unsavory and unflattering associations with Defendant's company.

50.    Defendant's actions were and are intentional, willful, wanton and performed in disregard of Plaintiff's rights.

51. Plaintiff has been and will continue to be damaged, and Defendant has been unjustly enriched, by Defendant's unlawful infringement of the Plaintiff's intellectual property.

52. Plaintiff is entitled to a preliminary and permanent injunctions from Defendant's use of the King David name and domain kingmoversusa.com.

53. Plaintiff is also entitled to attorney's fees, monetary damages, and treble damages due to the willful and wanton destruction of the Plaintiff's reputation. *See* Federal Trademark Dilution Act of 1995.

**WHEREFORE**, Plaintiff respectfully requests judgment be entered in its favor and against Defendant, as follows:

**A.** A permanent injunction enjoining and restraining Defendant, and all persons or entities acting in concert with it, during the pendency of this action and thereafter perpetually from infringing activity including the operating under the name "King David Moving and Storage," unauthorized use of King David Moving and Storage marks, and ceasing the use of the http://www.kingmoversusa.com website;

**B.** An award of damages, including, but not limited to, compensatory, statutory, and punitive damages, as permitted by law;

**C.** An award to Plaintiff of its costs of suit, including, but not limited to, reasonable attorneys' fees, as permitted by law; and

**D.** Such other relief as this Court deems just and proper.

## COUNT III
## FALSE ADVERTISING

54. Plaintiff realleges and incorporates by reference all of the allegations set forth in the above paragraphs.

9

55. Defendant intentionally and willfully used Plaintiff's mark(s) for the purpose of defrauding and misleading consumers.

56. Defendant intentionally and willfully used Plaintiff's goodwill and business reputation to solicit new business.

57. Defendant's willful actions injured Plaintiff's business by injuring goodwill developed through years of quality service.

58. Plaintiff is also entitled to attorney's fees and the maximum amount of monetary damages allowable by law.

WHEREFORE, Plaintiff respectfully requests judgment be entered in its favor and against Defendant, as follows:

**A.** A permanent injunction enjoining and restraining Defendant, and all persons or entities acting in concert with it, during the pendency of this action and thereafter perpetually from infringing activity including the operating under the name "King David Moving and Storage," unauthorized use of King David Moving and Storage marks, and ceasing the use of the http://www.kingmoversusa.com website;

**B.** An award of damages, including, but not limited to, compensatory, statutory, and punitive damages, as permitted by law;

**C.** An award to Plaintiff of its costs of suit, including, but not limited to, reasonable attorneys' fees, as permitted by law; and

**D.** Such other relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff King David Moving and Storage, Inc. demands trial by jury in this action of all issues so triable.

Dated this 18th day of December, 2015.

Respectfully Submitted,

DELANEY LAW

/S/ Cynthia M Rote
Cynthia M. Rote

DELANEY LAW, P.C.
444 North Wabash Ave., Third Floor
Chicago, Illinois 60611
Tel: (312) 276-0263
Fax: (312) 873-4465
Email: bill@delaney-law.com
Email: cindy@delaney-law.com

*Attorneys for Plaintiff King David Moving & Storage*